SUMMARY ORDER
Plaintiff Joseph Fisher appeals from a judgment of the United States District Court for the Southern District of New York based on its order of February 16, 2007, granting the defendants’ motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties’ familiarity with the facts and procedural history of the case, and the issues on appeal.
This litigation arises from the denial of the request of the plaintiff, a participant in a cash balance retirement plan, to receive his benefits in a lump sum. The plaintiff contends that the defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. § 1001 et seq. He therefore seeks equitable or remedial relief under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), and equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).
The district court correctly concluded that the plaintiff failed to state a claim under section 502(a)(2), which allows parties to seek relief under ERISA § 409, 29 U.S.C. § 1109. The Supreme Court has held that “Congress did not intend [section 409] to authorize any relief except for the plan itself.” Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985); see also Coan v. Kaufman, 457 F.3d 250, 257 (2d Cir.2006). Because Fisher seeks relief for himself as an individual, rather then on behalf of all or any part of the plan, he cannot bring a claim under section 502(a)(2). “[Section] 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries.” LaRue v. DeWolff, Boberg & Associates, Inc., — U.S. -, 128 S.Ct. 1020, 1026, 169 L.Ed.2d 847 (2008). Fisher argues that the Supreme Court’s decision in LaRue nonetheless clarified the scope of relief available under section 502(a)(2) and that in light of La-Rue's holding, we should reconsider the interpretation we gave that section in Coan v. Kaufman. We conclude that LaRue is inapposite here. LaRue explained that a participant in a defined contribution plan may maintain a claim for relief under section 502(a)(2) if a fiduciary breach impaired the value of plan assets in the participant’s individual account. See LaRue, 128 S.Ct. at 1026. Such harms are of the type contemplated by the statute’s draftsmen, because they affect the plan. See id. at 1025. Here, however, the plan was a cash balance plan that did not involve individual accounts of the type at issue in LaRue. It is now defunct. Fisher seeks a lump sum payment for himself. Fisher’s claim therefore cannot be construed as benefiting the plan.
The district court also correctly dismissed the plaintiffs claim under section 502(a)(3), which provides for equitable relief. Fisher seeks monetary damages, but contends that his claim is an equitable one because it involves a suit against a fiduciary, and such suits were, historically, within the exclusive jurisdiction of the courts of equity. Section 502(a)(3) requires that both “the basis for the claim and the nature of the recovery sought be *36 equitable.” Coan, 457 F.3d at 264 (alteration and internal quotation marks omitted; emphasis in original). The plaintiff must therefore seek “a category of relief that was typically available in equity.” Id. (alterations and internal quotation marks omitted). Monetary damages are not such a category. See Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204, 221, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)(“[L]egal relief — the imposition of personal liability ... for a contractual obligation to pay money” is not recoverable under section 502(a)(3).).
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.